[Crim. No. 644. Fourth Dist. Oct. 23, 1946.]

THE PEOPLE, Plaintiff, v. LLOYD PUGH, Defendant.

Mark F. Jones and W. L. Engelhardt for Appellant.

Robert W. Kenny, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with a violation of section 501 of the Vehicle Code in that he unlawfully drove an automobile upon a public highway while under the

influence of liquor, and while so driving unlawfully drove said automobile to the left of the center line of the highway, which act proximately caused bodily injury to one Bernice M. Russell. He was found guilty by a jury and was sentenced to serve 10 months in the county jail. This appeal is from the judgment and from an order denying his motion for a new trial.

This case arose out of a collision on the night of December 27, 1945, between an automobile driven by the defendant and another driven by Mrs. Russell. The collision occurred about 14 miles south of Victorville on the road to San Bernardino, being a part of Highway 66. The defendant was traveling north toward Victorville and Mrs. Russell was traveling south toward San Bernardino. The evidence was sufficient in all respects to sustain the conviction and no contention to the contrary is made. The only point raised on this appeal is that the court erred in refusing to permit the defendant to answer a question as to why he turned his car to the left immediately prior to the collision.

Mrs. Russell testified that as she was proceeding south in her lane of traffic she saw the other car coming north in her lane; that she first turned her wheel toward the white line "to get in his lane of traffic"; that she then turned back to the right, thinking to take to the shoulder; that the lights were very bright and she could not see what was there so she again turned to her left; and that the collision occurred before she got to the white line.

A woman who was riding in the defendant's car testified that "it was all very quick"; that the defendant changed into the left-hand lane immediately before the collision; and that she thought the other car was about 100 feet away when the defendant turned his car to the left.

The defendant testified that when the Russell car was about 200 feet away from him he noticed that it was straddling the white line; that he was then traveling in his right-hand lane; that the Russell car turned left, then right and then left again; that the last left turn "was very close to me"; that the Russell car came over on his side of the road; that when the Russell car made its second turn to its left "that brought the car in my lane" and the cars were very close together; that he did nothing until the Russell car made the second left turn; that the cars were then close together "within probably 50 feet or 60 feet"; that the Russell car was going about 50 miles

an hour and his car was going 30 to 35; and that when the Russell car made its second turn to its left "I pulled my car sharp over to my left."

The defendant was then asked by his counsel "When you turned your car left, why did you turn it in that direction?" An objection to this question was sustained on the grounds that it called for a conclusion and opinion of the witness and called for a self-serving declaration. The defendant relies on the sudden peril rule and argues that since it was incumbent upon him to explain why he crossed over to his left of the center line of the highway he was entitled to testify as to his intent in so doing; that since this was the particular wrongful act with which he was charged, it was especially important that he be allowed to explain why he did so; that if he had been permitted to explain why he did this the jury might well have been convinced that he was justified in so doing; and that if the jurors had been so convinced they would necessarily have found him not guilty.

The defendant should have been allowed to answer this question and it may be conceded that the objection, on the grounds stated, was erroneously sustained. It does not follow, however, that prejudice resulted from this ruling. While the defendant's intent at the time in question was material to the issues involved, that intent not only sufficiently but very clearly appeared from the testimony he gave immediately preceding the asking of this question. Under such circumstances an answer to this question could not have changed the views of the jury or affected the result. (*People* v. *Moore,* 48 Cal. App. 245 [191 P. 980].) While there was a conflict in the evidence as to which driver was originally at fault, the defendant's testimony was very clear and definite that he saw the other car coming into his lane of traffic at a high rate of speed, and only 50 or 60 feet away, and that he then pulled his car sharply over to his left. If his testimony was to be believed at all, it disclosed that he pulled his car quickly to his left in an attempt to avoid an imminent collision with a car that was coming into his lane within a few feet of him. From his testimony, the reason for his action in turning to the left clearly and definitely appears and no other explanation was needed or was possible. It would have added nothing to the value or effect of his testimony to have added a statement that he turned to his left in order to avoid a collision. This would be merely to repeat an explanation and reason already

more effectively given. Under these circumstances, it cannot be held that the error in question has resulted in a miscarriage of justice. (Const., art. VI, § 4½.) This entire matter depended upon whether the jury believed the evidence produced by the defendant or whether it believed the evidence produced by the People, and the error in question could not have affected the jury's decision in that regard. The evidence sustains the verdict and judgment, and a reading of the transcript leaves no doubt that the jury fully understood the defendant's explanation of his reason for, and intention in, turning to his left immediately before the collision.

The judgment and order are affirmed.

Marks, J., and Griffin, J., concurred.